SCHOTT, Judge,
dissenting:
I fail to see how CBM was not enriched to the full extent of Morphy’s impoverishment. CBM was bound under its contract with RTKL to do the work Morphy did. If Morphy hadn’t done the work CBM would have spent the $78,613 Morphy claims. It would have lost that much more than the $300,000 “cap” on the amount RTKL would pay. CBM was enriched by shifting its obligation to Morphy. It was enriched because its losses on this contract were less than they would have been had Morphy not performed some of the obligations CBM owed to RTKL. It was enriched because it saved money at Morphy’s expense.
It does not appear that Morphy ever agreed to the cap irrespective of two letters asking for an estimate and a proposal. CBM had to know Morphy was doing the work and never gave a clear signal to Morphy that its work was subject to a cap.
I would amend the judgment and award the full amount to Morphy’s claim.